## STATE *vs.* PATRICK E. LYNCH.

### NOVEMBER 1, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Petition for Relief.*

C. P. A. sec. 473, relative to petitions for relief to the Supreme Court is applicable to criminal as well as civil cases.

(2) *New Trial. Newly Discovered Evidence.*

A new trial will not be granted upon evidence which merely discredits a witness and does not affect the merits of the case.

PETITION for relief under C. P. A., sec. 473. Dismissed.

DOUGLAS, C. J. This is a petition for relief under the provisions of section 473 of the court and practice act.

The petitioner was convicted of rape, by verdict of a jury in the Superior Court, January 11th, 1906, and, after a motion for a new trial had been denied, was sentenced, April 5th, 1906, to imprisonment for fourteen years. He now alleges that he has discovered new evidence pertinent to the case which was not available upon his motion for a new trial in the Superior Court.

(1)    It is urged on behalf of the State that section 473 is not applicable to criminal cases. This contention is principally founded on the fact that the section does not use the word *sentence*, or any equivalent expression which would specially designate the judgment in a criminal case, as is done in sections 487, 490, and 491, where both words *judgment* and *sentence* are used. We do not regard the omission of the word *sentence* in the section under consideration as conclusive since in the corresponding provision, cap. 251, sec. 3 of the General Laws, for which sec. 473, C. P. A. was substituted, makes the same omission. That section in terms affords its remedy in the case of "indictments or other criminal prosecutions in which verdict or judgment shall have been rendered against the petitioner." The word *judgment* was clearly used here in its broad sense which includes a sentence as well as the final decision of the court in a civil case. It seems probable that the commissioners drafting the present law adopted the language of the section they were revising and considered the word *judgment* as ample to comprehend both classes of proceedings. The present law is as necessary in criminal proceedings as in civil cases. We see no reason why a person who has been convicted of crime should not have, within a reasonable time after sentence, an opportunity to correct the effects of any mistake or accident which may have prevented him from prosecuting a bill of exceptions in due time, or to avail himself of newly discovered evidence after the time has elapsed within which he could have presented it as a ground for new trial to the Superior Court, while such a privilege is given to the unsuccessful party to a civil suit. The remedy by pardon is by no means as ample as the right to ask for a revision of the case which, if successful, may result in the establishment of his innocence.

The statute is a highly remedial one and should be liberally construed.

The second argument of the Attorney General is from the inconvenience which may arise in the application of this remedy in case sentence has been partly or wholly executed.

The same inconvenience may be urged against the remedy

in civil cases. There, also, the execution may have been satisfied before the petition is filed, and in certain cases it may be impossible to recover the amount paid. In many cases, however, both civil and criminal, this remedy will be applicable and effectual.

We come, therefore, to consider the case presented by this petition.

(2)　On examination of the affidavits submitted we find that they do not divulge any evidence upon the merits of the case, but are confined to attempts to discredit the principal witness of the crime. They consist mostly of statements which this witness is said to have made contradictory of her story upon the stand. Such evidence if well fortified is not generally admitted to impeach a verdict, as we have frequently decided: *Dexter* v. *Handy*, 13 R. I. 474; *Roberts* v. *Roberts*, 19 R. I. 349; *Jones* v. *N. Y., N. H. & H. R. R. Co.*, 20 R. I. 210, and *Timony* v. *Casey*, 20 R. I. 257. Furthermore, the evidence of the petitioner's affidavits is contradicted very materially by the affidavits submitted for the State.

Upon a consideration of the whole evidence submitted, we are not convinced that justice requires a revision of the case, and the petition must be denied and dismissed.

*William B. Greenough, Attorney General,* for State.
*Albert B. Crafts,* for defendant.